PER CURIAM.
This is a case where appellant challenges his conviction on a charge of battery. Appellant was a juvenile and was declared to be delinquent based on his conviction after non jury trial.
The incident in question occurred in a parking lot during a high school football game when a school bus was the subject of vandalism by several youths. Appellant and co-defendant were allegedly involved in the incident. It was further alleged that the female school bus driver entered the bus during half-time and that appellant committed a battery upon her.
Appellant was charged with battery and criminal mischief, along with his co-defendant, who was charged only with criminal mischief. Both defendants were represented by the same public defender.
The case was tried against both defendants without a jury in the Juvenile Division. At the conclusion of the State’s case the trial court granted a directed verdict of acquittal on both charges of criminal mischief. The court then stated the case would proceed solely against appellant on the charge of battery, the only charge against the co-defendant having been dismissed. At this point appellant’s counsel expressed a desire to call the former co-defendant as a witness. The following colloquy occurred.
“Defense Counsel: Your Honor, I would like to use Mr. Noble (the former co-defendant) as a witness in my case, but the Rule has been invoked.
How do you want to handle that?
THE COURT: He sat here and heard everything — is that the motion you are making?
Defense Counsel: Yes, Your Honor.
THE COURT: The only problem is, if you put it as a motion, I will make a ruling.
Defense Counsel: All right, Judge. Judge, if you don’t want to handle it—
THE COURT: I will handle it right now, sir. Are you intending to call him? Defense Counsel: Yes. I would bring to the Court’s attention—
THE COURT: Mr. Gardiner, is there any objection?
State Attorney: Yes, Your Honor.
THE COURT: Then, the Court will not permit said witness to be called.
Defense Counsel: All right, Judge.
THE COURT: Let’s continue on in the matter of D.R.B. Counsel may proceed.
Call your first witness please.
Defense Counsel: May Mr. Noble be excused from the defense table here?
THE COURT: Any objection? His case is over with.
State Attorney: As long as he is instructed not to discuss anything. . . . ” (Emphasis supplied.)
By virtue of a post trial stipulated proffer it appears the witness would have testified that although he saw a battery being committed upon the victim, the appellant did not commit it. This was entirely consistent with the testimony of appellant who testified on his own behalf.
It is our conclusion that the trial court committed error in excluding the witness. Certainly a co-defendant cannot be excluded from testifying on the theory that he comes within the witness rule of sequestration. Similarly, the witness here should not have been excluded although he was no longer a co-defendant.
It is suggested by the State that the defense waived this error because it was invited by defense counsel’s own remarks and it is a fact that after the court indicated the witness could not be called, there was absolutely no indication by defense counsel of any dissatisfaction with this ruling.
Notwithstanding it seems to us that the gravamen of the colloquy between defense counsel and the judge consisted of a request by counsel to have the former co-defendant testify, rather than an invitation to exclude him. We concede that the quoted exchange reveals lack of knowledge on the part of both judge and defense counsel as to whether the ex-codefendant would be subject to the rule. However, we cannot translate this expressed uncertainty by both of them *1164 into an invitation from defense counsel that the witness be excluded.
THIS CAUSE IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
LETTS and BERANEK, JJ., and SCHWARTZ, ALAN R., Associate Judge, concur.